IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No.: 1:17-po-07554-SAG |
| DAVID LEATHERWOOD, | |
| Defendant. | |

## MEMORANDUM OPINION

On June 22, 2017, Defendant David Leatherwood ("Mr. Leatherwood"), a United States postal employee, received a citation for failure to stop at a stop sign on postal property. On September 12, 2017, this Court held a bench trial, where Mr. Leatherwood represented himself. For the reasons set forth below, this Court finds the Defendant not guilty.

### I. FACTS

The alleged traffic violation took place at the United States Post Office ("Post Office") on 900 E. Fayette Street in Baltimore, Maryland. On June 22, 2017, at approximately 12:00PM, Corporal Daniel Dunlap ("Corporal Dunlap") stopped Mr. Leatherwood at the Post Office and issued him a citation for "Failure to Stop at a Posted Stop Sign on Postal Property," in violation of 39 C.F.R. 232.1(k)(3).[1]

The evidence presented at trial consisted solely of conflicting testimonies by Corporal Dunlap and Mr. Leatherwood. Corporal Dunlap testified that, while speaking to a fellow

---

[1] The regulation provides:

> Drivers of all vehicles in or on property shall drive in a careful and safe manner at all times and shall comply with the signals and directions of security force personnel, other authorized individuals, and all posted traffic signs.

39 C.F.R. 232.1(k)(3) (2010).

1

employee, he observed a United States Postal Service ("USPS") vehicle enter the compound and roll through two stop signs without stopping. Corporal Dunlap further testified that he followed on foot around the building, where he observed the driver step out of the parked USPS vehicle. Corporal Dunlap approached and asked the driver for his driver's license. The driver was identified as Mr. Leatherwood. Colonel Dunlap additionally testified that Mr. Leatherwood stated that "people run that stop sign all the time," although Colonel Dunlap did not remember when Mr. Leatherwood made this statement.

During his testimony, Mr. Leatherwood firmly denied Corporal Dunlap's allegations and maintained that he stopped at both stop signs on June 22, 2017. Mr. Leatherwood testified that Corporal Dunlap accused him of driving through the stop signs, which Mr. Leatherwood immediately denied. Mr. Leatherwood additionally testified that Corporal Dunlap then instructed him to get back into his truck, but he refused to reenter his truck due to heat conditions. When asked whether he believed his failure to obey instructions affected Corporal Dunlap's decision to issue a citation, Mr. Leatherwood responded: "I don't know whether that was a part of it or not. I know that I stopped at the stop signs."

On cross-examination, counsel for the United States ("the Government") asked Mr. Leatherwood about a 2004 citation for failure to stop at a stop indicator, which Mr. Leatherwood did not remember. Mr. Leatherwood, however, remembered participating in a driving improvement program. When asked whether "somebody" had a problem with his driving at the time of the driving improvement program, Mr. Leatherwood responded: "At that point, yes."

## II. ANALYSIS

The Government bears the burden of proof to establish every element of an offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 363 (1970). In the instant case, the

Government has not met its burden. At trial, the Government offered only the testimony of the citing officer. There were no attempts to proffer corroborating evidence, such as additional witness testimony, that might be sufficient to establish proof of guilt beyond a reasonable doubt. *See United States v. Corbett*, Crim. No. RWT 11-0467, 2014 WL 1765947, at *1 (D. Md. Apr. 30, 2014) (affirming a conviction for failure to stop at a stop sign when the prosecutor offered testimonies by both the citing officer and an accompanying officer who heard the passenger admit that "[the driver] didn't stop, but she did it safely").

The instant case therefore boils down to credibility. The Government argues that this Court should give less weight to Mr. Leatherwood's testimony due to his "motive" and absence of a "spotless record when it comes to driving." While the defendant's interest is a relevant factor in determining his credibility, Mr. Leatherwood's stake in the outcome "does not imply that the court may arbitrarily single out his testimony, and denounce it as false." *Reagan v. United States*, 157 U.S. 301, 305 (1895); *see also United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (noting that the trier of fact should "evaluate the defendant's testimony in the same way it judges the testimony of other witnesses" and that "an instruction that the defendant's interest in the outcome of the case creates a motive to testify falsely impermissibly undermines the presumption of innocence because it presupposes the defendant's guilt"). It would undermine the axiomatic principles of the criminal justice system to deem Mr. Leatherwood's testimony false simply because of his "motive" to avoid conviction for a traffic violation. During his testimony, Mr. Leatherwood spoke clearly, confidently, and with considerable detail when recounting the events that took place on June 22, 2017.

Moreover, Mr. Leatherwood's credibility is not undercut by the Government's suggestion that he lacked a "spotless record when it comes to driving." In particular, the Government

referenced a driving violation and subsequent driving improvement program from 2004. Mr. Leatherwood's prior participation in a driving improvement program thirteen years ago, however, is not relevant to whether he stopped at the stop signs on June 22, 2017. *See United States v. Mingchao Ma*, Crim. Action No. DKC-14-0249, 2015 WL 1471952, at *2 (D. Md. March 30, 2015) (holding that the defendant's history of traffic violations was "irrelevant to whether he did or did not stop at the stop sign when pulled over on March 18, 2014.").

This Court also finds Corporal Dunlap's testimony entirely credible. However, his testimony on its own does not hold sufficient weight to establish Mr. Leatherwood's guilt beyond a reasonable doubt. It would be improper for this Court to ascribe greater weight to Corporal Dunlap's testimony simply because of his status as a law enforcement officer. *See United States v. Hammond*, 44 F. Supp. 2d 743, 746 n.1 (D. Md. 1999) ("It would be . . . improper for the Court to accept unquestioningly the testimony of a witness *because* he is a police officer.") (emphasis in original). In light of the evidence presented at trial from two equally credible witnesses, and the government's burden of proof, this Court finds Mr. Leatherwood not guilty for failure to stop at the stop signs, in violation of 39 C.F.R. 232.1(k)(3).

Dated: September 19, 2017

/s/<br>
Stephanie A. Gallagher<br>
United States Magistrate Judge